# EXHIBIT 1

91355

PLD-PI-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State number, and address):*
William Turley, Esq, SBN: 122408
David Mara, Esq. SBN: 230498
The Turley Law Firm, APLC
635 Broadway, Suite 625, San Diego, CA 92101
TELEPHONE NO.: 619-234-2833   FAX NO. *(Optional):* 619-234-4048
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Dimitar Dimitrav

FOR COURT USE ONLY

A7220

**FILED**
Superior Court of California
County of Los Angeles

JUL 2 2 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

D-91
GREGORY
KEOSIAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS: 111 NORTH HILL ST.
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF: DIMITAR DIMITROV

DEFENDANT: Carnival Corporation dba Carnival Cruise Lines, et. al.

☑ DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED *(Number):*
Type *(check all that apply):*
☐ MOTOR VEHICLE  ☑ OTHER *(specify):* Jones Act/Unseaworthiness
☐ Property Damage  ☐ Wrongful Death
☐ Personal Injury   ☐ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded  ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:

BC 5 5 2 3 6 3

1. Plaintiff *(name or names):* DIMITAR DIMITRAV
   alleges causes of action against defendant *(name or names):*
   Carnival Corporation dba Carnival Cruise Lines; Princess Cruise Lines dba Princes Cruises
2. This pleading, including attachments and exhibits, consists of the following number of pages: 18
3. Each plaintiff named above is a competent adult

BY FAX

   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Page 1 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dimitrov v. Carnival Corporation | |

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ except defendant *(name):* Carnival Corporation
    (1) ☑ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☑ except defendant *(name):* Princess Cruise Lines
    (1) ☑ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1-100     were the agents or employees of other
    named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 1-100     are persons whose capacities are unknown to
    plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☑ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dimitrov v. Carnival Corporation | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):*

>       1) Unseaworthiness
>       2) Jones Act Negligence
>       3) Maintenance and cure

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*

>       Great and serious personal injuries, maintenance, cure and found.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 21, 2014

Ray Padilla, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

DIMITAR DIMITROV v. CARNIVAL CORPORATION dba CARNIVAL CRUISE LINES;
PRINCESS CRUISE LINES, LTD. dba PRINCESS CRUISES;
& DOES 1-100

ATTACHMENT TO FORM COMPLAINT FOR DAMAGES

1. Plaintiff DIMITAR DIMITROV hereby incorporates all the information and/or facts in the Form Complaint as if set forth herein-below.

2. DIMITAR DIMITROV is informed and believes, and thereon alleges, that each and all of the Defendants and/or DOES 1-100 and all of the fictitiously named Defendants are responsible in some manner, either by act or omission, strict liability, negligence, res ipsa loquitur, products liability, failure to warn, manufacturing defect, design defect, respondent superior, breach of warranty, unseaworthiness, vessel owner, failure to secure compensation, failure to provide maintenance and cure or otherwise, for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by the conduct of the Defendants and/or DOES and fictitiously named Defendants.

3. Plaintiff DIMITAR DIMITROV is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each of the Defendants (both named and DOE Defendants) sued herein were the agent, servant, employer, joint venturer, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining Defendants and/or DOES and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant and/or DOE.

4. At all times mentioned herein, Defendants CARNIVAL CORPORATION dba CARNIVAL CRUISE LINES and its subsidiaries, related entities and companies, business ventures, and agents including PRINCESS CRUISES, LTD. dba PRINCESS CRUISES (hereinafter collectively referred to as "Defendants") and/or DOES operated businesses, had their principal place of business and/or conducted

1    business within the venue and sub-venue of this court.

2  5.   The true names or capacities, whether individual, corporate, associate or otherwise

3      of Defendant DOES 1 through 100, inclusive, are unknown to DIMITAR DIMITROV,

4      who therefore sues said Defendants by such fictitious names. DIMITAR DIMITROV

5      is informed and believes, and thereupon alleges, that each of the Defendants

6      designated herein as a DOE is legally responsible in some manner for the events and

7      happenings herein referred to, and thereby proximately caused injury and damage

8      to DIMITAR DIMITROV as herein alleged.

9  6.   At all times mentioned herein, Defendants and/or DOES owned, operated,

10     maintained, controlled, chartered, leased and/or repaired the vessel MS ROYAL

11     PRINCESS.

12 7.   DIMITAR DIMITROV believes the vessel ROYAL PRINCESS was at sea in the

13     Pacific Ocean at the time of the subject incident.

14 8.   At all times mentioned herein, DIMITAR DIMITROV was hired by Defendants.

15 9.   This case is cognizable under Admiralty and Maritime jurisdiction pursuant to an Act

16     of Congress, known as the Merchant Marine Act of Congress passed on June 5,

17     1920, Section 33, commonly referred to as the Jones Act, 46 U.S.C. Section 688,

18     pursuant to the General Maritime Law of the United States of America, and California

19     State Law, as hereinafter more fully appears.

20 10.  This case is cognizable under Admiralty and Maritime jurisdiction pursuant to the

21     General Maritime Laws of the United States of America and California State Law, as

22     hereinafter more fully appears.

23 11.  That pursuant to the Judiciary Act of 1789, jurisdiction in this Honorable Court is

24     present pursuant to the "Saving to Suitors" Clause of said Act of Congress. Act of

25     September 24, 1789, Sec.9, c 10 1 stat. 73, 77, Jud. code Sec. 24(3), 28 U.S.C.

26     §1333 et. seq.

27 12.  Plaintiff DIMITAR DIMITROV hereby requests a jury trial.

28 13.  At all times mentioned herein, Plaintiff DIMITAR DIMITROV was a seaman and

2

1     member of the crew of the vessel MS ROYAL PRINCESS and was aboard said

2     vessel in the navigable waters of the United States of America.

3   14.   At all times mentioned herein, a three year statute of limitations applies under either

4     the Jones Act, General Maritime Law and/ or 46 U.S.C. Section 763(a). Defendants

5     and Plaintiff DIMITAR DIMITROV stipulated to extend the applicable statute of

6     limitations until July 24, 2014.   A true and correct copy is attached hereto as

7     Attachment 2.

8   15.   At all times mentioned herein, Plaintiff DIMITAR DIMITROV had a permanent

9     attachment to said identifiable fleet of vessels owned, operated and/or controlled by

10     Defendants and/or DOES.

11   16.   Plaintiff DIMITAR DIMITROV was employed by Defendants and/or DOES in the

12     capacity of a seaman within the meaning and intendment of the Jones Act, 46 U.S.C.

13     Section 688.

14   17.   On or about August 10, 2010, DIMITAR DIMITROV was employed by Defendants

15     and/or DOES as a seaman.

16   18.   At all times mentioned herein, DIMITAR DIMITROV was exposed to the hazards of

17     the sea. The vessel MS ROYAL PRINCESS was on a voyage in the Pacific Ocean

18     while carrying passengers in the navigable waters of the United States of America at

19     the time of his injury.

20   19.   At all times mentioned herein, Plaintiff DIMITAR DIMITROV aided in the mission

21     and/or function of the fleet of vessels.

22   20.   On or about August 10, 2010 Plaintiff DIMITAR DIMITROV was working for

23     Defendants and/or DOES as a casino dealer while onboard the MS ROYAL

24     PRINCESS.

25   21.   On or about August 10, 2010, or some time soon before that, there had been a fire

26     drill aboard the vessel MS ROYAL PRINCESS.

27   22.   DIMITAR DIMITROV was not part of the fire fighting drill.

28   23.   At the time of the subject incident, there was wet spots of foam on the deck.

24.   At the time of the subject incident, no warning signs were posted advising of the slippery deck.

25.   While onboard the MS ROYAL PRINCESS, Mr. DIMITROV was on his way to the crew mess for breakfast when he slipped on the foam on the deck.

26.   Mr. DIMITROV was severely injured. Specifically, Mr. DIMITROV suffered a lower femur fracture that required open reduction internal fixation surgery.

<u>FIRST CAUSE OF ACTION - CARNIVAL,</u> - **Unseaworthiness**

27.   Plaintiff hereby incorporates by reference paragraphs 1-26 above as if set forth fully herein.

28.   At all times mentioned herein, the vessel MS ROYAL PRINCES was in an unseaworthy condition due to the dangerous condition on the deck.

29.   The vessel MS ROYAL PRINCES was in an unseaworthy condition due inadequate visual indicators that there was slip and fall hazard on the deck.

30.   The vessel MS ROYAL PRINCES was in an unseaworthy condition due to the failure to properly remove a dangerous condition on the deck.

31.   Plaintiff DIMITAR DIMITROV was injured in the service of the vessel MS ROYAL PRINCESS and/or to otherwise further the mission of the vessel, pursuant to the owner's instruction.

32.   At all times mentioned herein said unseaworthy conditions were a cause of injury to Mr. DIMITROV in an amount to be proven at the time of trial.

33.   The incident and the serious injuries to Mr. DIMITROV's mind and body occurred as a direct result of the unsafe and unseaworthy conditions of the vessel.

34.   At all times mentioned herein the operator and/or crew of the vessel was not competent.

35.   Each and/or all of said unseaworthy conditions resulted in the vessel being unseaworthy at the time of the incident.

36.   At all times mentioned herein, DIMITAR DIMITROV was injured due to the hazards posed by each and/or all of said unseaworthy conditions.

4

37.  Plaintiff DIMITAR DIMITROV sustained serious injury while performing said tasks to further the mission of the vessel, and/or pursuant to the owner's, master's, captain's, supervisor's and/or trainer's instructions.

38.  Said injuries were the direct result of the lack of attention of the Defendants and/or DOES.

39.  The vessel was unseaworthy due to the failure to provide an adequate and proper crew to perform such tasks.

40.  The vessel was unseaworthy due to the failure to provide proper training, proper procedures, proper orders and/or proper supervision.

41.  The Defendants' and/or DOES' vessel was unseaworthy by reasons of the aforesaid facts alleged herein-above and the injuries sustained by DIMITAR DIMITROV, were the direct and legal result of the unseaworthiness of the vessel herein-above named.

42.  The unseaworthy condition aboard the vessel when DIMITAR DIMITROV was injured was a substantial factor in bringing about the serious and permanent injury to DIMITAR DIMITROV.

43.  At all times mentioned herein, Defendants and/or DOES had full knowledge of the foregoing described unseathworthy conditions, facts, and/or circumstances.

44.  At all times mentioned herein, Defendants and/or DOES failed to remedy and/or correct such foregoing described unseathworthy conditions, facts, and/or circumstances.

45.  At all times mentioned herein, the foregoing described unseaworthy conditions, facts, and/or circumstances were the proximate and/or legal cause of injury to Plaintiff Mr. DIMITROV.

46.  At all times mentioned herein, the foregoing described unseaworthy conditions, facts, and/or circumstances were a cause of injury to DIMITAR DIMITROV.

47.  Mr. DIMITROV suffered great and serious personal injury, loss of past wages, loss of wage earning capacity, medical costs, future medical damages, pain, suffering, discomfort, loss of enjoyment of life in an amount to be proven at the time of trial.

5

1   SECOND CAUSE OF ACTION - Negligence

2   48.   DIMITAR DIMITROV hereby re-alleges and incorporates paragraphs 1-47 above as

3         if fully set forth herein.

4   49.   At all times mentioned herein, Defendants and/or DOES had a duty to provide crew

5         members and/or seaman, including Plaintiff DIMITAR DIMITROV, a reasonably safe

6         place to work.

7   50.   At all times mentioned herein, Defendants and/or DOES had a duty to provide crew

8         members and/or seaman, including Plaintiff DIMITAR DIMITROV, reasonably safe

9         work methods and procedures.

10   51.   At all times mentioned herein, Defendants and/or DOES had a duty to provide crew

11         members and/or seaman, including Plaintiff DIMITAR DIMITROV, adequate

12         instruction, training and/or supervision.

13   52.   At all times mentioned herein, Defendants and/or DOES had a duty to provide crew

14         members and/or seaman,, including Plaintiff DIMITAR DIMITROV a competent

15         and/or adequate crew.

16   53.   At all times mentioned herein, Defendants and/or DOES had a duty to provide crew

17         members and/or seaman, including Plaintiff DIMITAR DIMITROV, a reasonably safe

18         vessel.

19   54.   At all times mentioned herein, Defendants and/or DOES had a duty to not subject

20         crew members and/or seaman, including Plaintiff DIMITAR DIMITROV, to risks not

21         justified by the object to be accomplished.

22   55.   At all times mentioned herein, Defendants and/or DOES had an non-delegable duty

23         to provide a safe place to work for DIMITAR DIMITROV and those similarly situated.

24   56.   At all times mentioned herein, Defendants and/or DOES breached their duty of care

25         to DIMITAR DIMITROV and those similarly situated.

26   57.   At all times mentioned herein, Defendants and/or DOES breached their duty to

27         provide a safe place to work for DIMITAR DIMITROV and those similarly situated, as

28         set forth more fully herein.

58.  At all times mentioned herein,  Defendants and/or DOES breached their duty to provide a safe place to work and/or duty of care  because fire drill foam was left uncleaned on the deck.

59.  At all times mentioned herein,  Defendants and/or DOES breached their duty to provide a safe place to work and/or duty of care because no warning signs were posted.

60.  At all times mentioned herein,  Defendants and/or DOES breached their duty to provide a safe place to work and/or duty of care  because the wet/slippery area had inadequate warnings and/or visual indicators.

61.  At all times mentioned herein, Defendants and/or DOES breached their duty of care because they provided inadequate training, instruction, and/or supervision to crew members, seaman and/or Plaintiff DIMITAR DIMITROV.

62.  At all times mentioned herein,  Defendants and/or DOES breached their duty of care because they failed to provide an adequate and/or competent crew.

63.  At all times mentioned herein,  Defendants and/or DOES breached their duty of care because they failed to set forth reasonably safe work methods and procedures.

64.  At all times mentioned herein,  Defendants and/or DOES breached their duty of care because they failed to set forth reasonably safe work methods and procedures.

65.  At all times mentioned herein, Defendants and/or DOES breached their duty of care to DIMITAR DIMITROV due to the unsafe conditions created by Defendants and/or DOES as are described more fully herein.

66.  At all times mentioned herein, Defendants and/or DOES breached their duty of care to  DIMITAR DIMITROV and those similarly situated.

67.  At all times mentioned herein,  Defendants and/or DOES breached their duty to provide a safe place to work for DIMITAR DIMITROV and those similarly situated, as set forth more fully herein.

68.  Defendants and/or DOES failed to provide a safe workplace.

69.  At all times mentioned herein, Defendants and/or DOES had notice of the dangerous

7

1    condition posed by leaving fire fighting foam on the deck that dangerously and

2    unnecessarily subjected a person on the deck to a slip and fall hazard.  Fire fighting

3    drills are routine on vessels.

4    70.   At all times mentioned herein, Defendants and/or DOES had notice of the dangerous

5          condition posed by leaving fire fighting foam uncleaned on the deck.  Fire fighting

6          drills are routine on vessels.

7    71.   At all times mentioned herein, Defendants and/or DOES had notice of the dangerous

8          condition posed by failing to properly remove fire fighting foam from the deck. Fire

9          fighting drills are routine on vessels.

10   72.   At all times mentioned herein, Defendants and/or DOES had notice of the inadequate

11         training, supervision and/or instruction provided to crew members and/or seaman.

12   73.   At all times mentioned herein, Defendants and/or DOES had notice of such

13         unreasonable and/or unsafe safe work methods and procedures.

14   74.   At all times mentioned herein, Defendants and/or DOES  had notice of the unsafe

15         place to work.

16   75.   At all times mentioned herein a reasonable inspection and/or inquiry by Defendants

17         and/or DOES would have revealed such unsafe work areas, conditions,

18         circumstances and/or situations. But, of course, Defendants and/or DOES failed to

19         adequately conduct any such reasonable inspection and/or inquiry.

20   76.   At all times mentioned herein, Defendants and/or DOES knew or should have known

21         of the dangerous condition posed by failing to properly remove fire fighting foam from

22         the vessels deck.

23   77.   At all times mentioned herein, Defendants and/or DOES knew or should have known

24         of dangerous condition posed by not having warning signs or visual indicators in and

25         around the area of the subject incident.

26   78.   At all times mentioned herein, Defendants and/or DOES knew or should have known

27         of inadequate training, supervision and/or instruction provided to crew members

28         and/or seaman.

8

79. At all times mentioned herein, Defendants and/or DOES knew or should have known of such unreasonable and/or unsafe safe work methods and procedures.

80. At all times mentioned herein, Defendants and/or DOES knew or should have known of the unsafe place to work.

81. At all times mentioned herein, Defendants and/or DOES failure to provide a safe place to work was a cause of injury to Plaintiff Mr. DIMITROV.

82. At all times mentioned herein, Defendants and/or DOES failure to provide a safe place to work and/or duty of care because of the failure to remove the fire fighting foam was a cause of injury to Mr. DIMITROV.

83. At all times mentioned herein, Defendants and/or DOES failure to provide a safe place to work and/or duty of care because of the failure to post warning signs was a cause of injury to Mr. DIMITROV.

84. At all times mentioned herein, Defendants and/or DOES failure to provide proper work methods and/or instructions was a cause of injury to Mr. DIMITROV.

85. At all times mentioned herein, Defendants and/or DOES failure to provide adequate training, instruction and/or supervision was a cause of injury to Mr. DIMITROV.

86. At all times mentioned herein, Defendants and/or DOES failure to provide reasonable and/or safe work methods and procedures was a cause of injury to Mr. DIMITROV.

87. As a direct, proximate and/or legal result of such failure to use reasonable care, a safe place to work, proper and adequate instructions, safe work methods and procedures, proper training, instruction an/or supervision to Mr. DIMITROV - he was injured in an amount to be proven at the time of trial.

88. Mr. DIMITROV suffered great and serious personal injury, loss of past wages, loss of wage earning capacity, medical costs, future medical damages, pain, suffering, discomfort, loss of enjoyment of life in an amount to be proven at the time of trial.

89. As a direct and legal result of Defendants' and/or DOES' breach of duty to DIMITAR DIMITROV; he was permanently injured, has sustained medical bills, lost wages, and/or loss of wage earning capacity.

1    **THIRD CAUSE OF ACTION - CARNIVAL, - Maintenance and Cure**

2    90.    DIMITAR DIMITROV hereby re-alleges and incorporates paragraphs 1- 89 above as

3           if fully set forth herein.

4    91.    Pursuant to the General Maritime Law of the United States of America, Defendants

5           and/or DOES and each of them, had the absolute and non-delegable duty to provide

6           DIMITAR DIMITROV with maintenance, cure, and found benefits from the date he

7           was rendered unfit for duty until maximum cure is achieved.

8    92.    From the date of the aforementioned injury to the present, DIMITAR DIMITROV has

9           been entitled to cure.

10    93.    Defendants and/or DOES and each of them, are indebted unto petitioner for past and

11           future maintenance, cure, and found benefits at a daily rate to be determined at trial.

12    94.    By information and belief, Defendants' and/or DOES' actions were arbitrary,

13           capricious, and in bad faith in that they failed to provide maintenance and/or cure to

14           Plaintiff DIMITAR DIMITROV.

15    95.    At all times mentioned herein, Defendants and/or DOES had actual knowledge of

16           DIMITAR DIMITROV'S medical condition, inability to work, and/or lack of reaching

17           maximum medical improvement.

18    96.    By information and belief, despite having this knowledge, Defendants and/or DOES

19           made the conscious decision to not provide DIMITAR DIMITROV with proper and/or

20           adequate maintenance and/or cure.

21    97.    At all times mentioned herein, Defendants and/or DOES realized that DIMITAR

22           DIMITROV required additional medical treatment in order to reach maximum medical

23           improvement - but failed to provide such cure to DIMITAR DIMITROV.

24    98.    Defendants and/or DOES realized that DIMITAR DIMITROV would suffer a huge

25           hardship if they cut-off and/or did not pay him maintenance and/or cure before he

26           reached maximum medical improvement and/or was able to return to gainful

27           employment.

28    99.    By information and belief, at all times mentioned herein, Defendants and/or DOES

1    fully realized that DIMITAR DIMITROV was severely injured and failed to provide him

2    medical treatment and/or cure.

3    100.   By information and belief, at all times mentioned herein, Defendants' and/or DOES'

4       failure to provide timely medical treatment to DIMITAR DIMITROV was in conscious

5       disregard for DIMITAR DIMITROV'S health and safety.

6    101.   By information and belief, at all times mentioned herein, the acts and/or omissions

7       of Defendants and/or DOES were taken on the part of the managing agents, officers

8       and/or directors of Defendants and/or DOES.

9    102.   By information and belief, Defendants and/or DOES exhibited callousness and

10      indifference to the seamen's plight herein.

11    103.   Said acts of Defendants and/or DOES were wilful, capricious, recalcitrant, arbitrary

12      and persistent.

13    104.   By information and belief, All of said acts and/or omissions were performed by

14      Defendants' and/or DOES' officers and/or managing agents of Defendants.

15      WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

16      1.     For general damages according to proof at trial;

17      2.     For medical and incidental expenses according to proof;

18      3.     For loss of earnings according to proof;

19      4.     For costs of suit incurred herein;

20      5.     Maintenance and cure;

21      6.     Pre-Judgment Interest;

22      7.     Attorneys fees and costs of prosecution for the non-payment or underpayment

23       of maintenance and cure benefits as delineated above;

24   ///

25   ///

26   ///

27

28

8.    Punitive Damages;

9.    For such other and further relief as the court may deem just and proper.

DATED: July 21, 2014                    THE TURLEY LAW FIRM, APLC

                                        William Turley, Esq.
                                        David Mara, Esq.
                                        Ray Padilla, Esq.
                                        Attorneys for Plaintiff DIMITAR DIMITROV

12